IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| RANDALL WILSON, | |
| Plaintiff, | CIVIL ACTION NO.: 5:22-cv-7 |
| v. | |
| WARE COUNTY JAIL, et al., | |
| Defendants. | |

### REPORT AND RECOMMENDATION

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983.  Docs 1, 11.  This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A.  For the reasons stated below, I **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's Complaint in its entirety.  Because I have recommended dismissal of all of Plaintiff's claims, I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.  I further **RECOMMEND** the Court **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

### PLAINTIFF'S CLAIMS[1]

Plaintiff, a pretrial detainee proceeding pro se, brings a 42 U.S.C. § 1983 suit against Defendants who are employees of the Ware County Jail.  Doc. 11.  Plaintiff makes three separate claims against Defendants.  First, Plaintiff alleges Defendants Ralph Pittman and Mrs. Boatright withheld his legal mail from him and falsified the mail log.  Id. at 12.  Plaintiff explains his mail

---

[1] All allegations set forth here are taken from Plaintiff's Complaint.  Doc. 1.  During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

was illegally withheld or went missing in October 2021 and November 2021 to January 2022. Id. at 5. Plaintiff claims most of this withheld mail was from the National Plus Coalition, who were trying to provide him legal help and representation. Id. at 4. Second, Plaintiff brings a claim against Defendants Turner, Thompson, Brewington, and Manning because they refused to "continuously" wear a mask, despite masking being mandatory at the jail. Id. at 13. Plaintiff explains these Defendants tested positive for COVID-19 and had to leave work. As a result, Plaintiff claims he and other inmates in his dormitory caught COVID-19 from these Defendants. Id. at 4, 13. Third, for both his mail claim and his COVID-19 claim, Plaintiff sues Defendant Ryals. Plaintiff brings a suit against Defendant Ryals because when he delivered grievances about these issues to Defendant Ryals, no action was taken. Id. at 12–13.

## DISCUSSION

I.  **Dismissal for Abuse of Judicial Process**

The Complaint form directly asks Plaintiff whether he has "filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment." Doc. 1 at 9–10; Doc. 11 at 9–10. In Plaintiff's initial Complaint, he left this section blank. Doc. 1 at 9–10. Then, in his Amended Complaint, Plaintiff checked no, indicating he had never filed any other lawsuits in federal court related to his conditions of confinement. Doc. 11 at 9–10. However, Plaintiff's litigation history reveals he filed several other causes of action prior to executing his Complaint on February 2, 2022. A review of Plaintiff's history of filings reveals he has brought at least one other case relating to his conditions of confinement prior to filing this case, Wilson v. Boatwright, et al., 5:21-cv-67 (S.D. Ga. Nov. 4, 2021) (complaining about various conditions of confinement at Ware County Jail). However, Plaintiff did not disclose this prior litigation history. Doc. 11 at 9–10. Indeed, Plaintiff affirmatively misrepresented he had no prior

litigation history, despite having two opportunities to disclose it to the Court. This is especially glaring given the recency of Plaintiff's previous filings—Plaintiff's prior case was initiated (and dismissed) only a few months before the instant case.[2] To make matters worse, Plaintiff named Defendants Boatright, Pittman, and Ryals in both actions. There can be no doubt Plaintiff was aware of Wilson v. Boatwright, et al., 5:21-cv-67, during the course of this case, yet he affirmatively stated he had brought no other case about the conditions of his confinement in federal court.

Section 1915 requires a court to dismiss a prisoner's action if, at any time, the court determines it is frivolous, malicious, fails to state a claim, or seeks relief from an immune defendant. 28 U.S.C. § 1915(e)(2)(B). Significantly, "[a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal" under § 1915. Redmon v. Lake Cnty. Sheriff's Office, 414 F. App'x 221, 225 (11th Cir. 2011) (alteration in original) (quoting Attwood v. Singletary, 105 F.3d 610, 613 (11th Cir. 1997)). In addition, Federal Rule of Civil Procedure 11(c) permits a court to impose sanctions, including dismissal, for "knowingly fil[ing] a pleading that contains false contentions." Id. at 225–26 (citing Fed. R. Civ. P. 11(c)). Again, although pro se pleadings are to be construed liberally, "a plaintiff's pro se status will not excuse mistakes regarding procedural rules." Id. at 226.

Relying on this authority, the Court of Appeals for the Eleventh Circuit has consistently upheld the dismissal of cases where a pro se prisoner plaintiff has failed to disclose his previous lawsuits as required on the face of the § 1983 complaint form. See, e.g., Redmon, 414 F. App'x at 226 (pro se prisoner's nondisclosure of prior litigation in § 1983 complaint amounted to abuse

---

[2] Plaintiff also has another § 1983 case, Wilson v. Waycross Police Department, et al., 5:21-cv-60 (S.D. Ga. Oct. 7, 2021), which remains pending.

of judicial process resulting in sanction of dismissal); Shelton v. Rohrs, 406 F. App'x 340, 341 (11th Cir. 2010) (same); Young v. Sec'y Fla. for Dep't of Corr., 380 F. App'x 939, 941 (11th Cir. 2010) (same); Hood v. Tompkins, 197 F. App'x 818, 819 (11th Cir. 2006) (same).

Here, Plaintiff filed a Complaint and Amended Complaint and, thus, had ample opportunity to explain his prior litigation history but still failed to do so. Docs. 1, 11. Further, even if he had later provided an explanation for his lack of candor, the undersigned is free to reject the proffered reason as unpersuasive. See, e.g., Redmon, 414 F. App'x at 226 ("The district court did not abuse its discretion in concluding that Plaintiff's explanation for his failure to disclose the Colorado lawsuit—that he misunderstood the form—did not excuse the misrepresentation and that dismissal was a proper sanction."); Shelton, 406 F. App'x at 341 ("Even if [the plaintiff] did not have access to his materials, he would have known that he filed multiple previous lawsuits."); Young, 380 F. App'x at 941 (finding not having documents concerning prior litigation and not being able to pay for copies of same did not absolve prisoner plaintiff "of the requirement of disclosing, at a minimum, all of the information that was known to him"); Hood, 197 F. App'x at 819 ("The objections were considered, but the district court was correct to conclude that to allow [the plaintiff] to then acknowledge what he should have disclosed earlier would serve to overlook his abuse of the judicial process.").

Another district court in this Circuit has explained the importance of this information as follows:

> The inquiry concerning a prisoner's prior lawsuits is not a matter of idle curiosity, nor is it an effort to raise meaningless obstacles to a prisoner's access to the courts. Rather, the existence of prior litigation initiated by a prisoner is required in order for the Court to apply 28 U.S.C. § 1915(g) (the "three strikes rule" applicable to prisoners proceeding in forma pauperis). Additionally, it has been the Court's experience that a significant number of prisoner filings raise claims or issues that have already been decided adversely to the prisoner in prior litigation

4

> . . . . Identification of prior litigation frequently enables the Court to dispose of successive cases without further expenditure of finite judicial resources.

Brown v. Saintavil, No. 2:14-CV-599, 2014 WL 5780180, at *3 (M.D. Fla. Nov. 5, 2014) (emphasis omitted).

Plaintiff misrepresented his litigation history in his Complaint and his Amended Complaint. The plain language of the Complaint form is clear, and Plaintiff failed to answer fully and truthfully. Doc. 11 at 9–10. Consequently, the Court should **DISMISS** this action, **without prejudice**, for Plaintiff's failure to truthfully disclose his litigation history, as required.

## II.     Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*. Though Plaintiff has not yet filed a notice of appeal, it is appropriate to address this issue in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (providing trial court may certify appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal

5

v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the foregoing reasons, , I **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's Complaint in its entirety. Because I have recommended dismissal of all of Plaintiff's claims, I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal. I further **RECOMMEND** the Court **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in

whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 12th day of May, 2022.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA